IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN ANDREW CLEM, | § | |
| | § | |
| Appellant, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:18-CV-1198-G |
| LADAINIAN AND LATORSHA | § | |
| TOMLINSON, | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the appellant Steven Andrew Clem's appeal from an interlocutory order of the United States Bankruptcy Court for the Northern District of Texas: *Denying Motion to Dismiss Adversary Proceeding*. Record on Appeal, Defendant's Notice of Appeal at 1 (docket entry 1-1). The clerk for the bankruptcy court transmitted the record on appeal to this court on May 10, 2018. Transmittal and Certification of Record on Appeal at 1 (docket entry 1). In the transmission, the bankruptcy clerk notified this court that the appeal is deficient—and thus not in compliance with Rule 8009 of the Federal Rules of Bankruptcy Procedure—because it was not filed timely. *Id*. In response, Clem filed his Notice of Timely Appeal in this court arguing that the appeal was timely. *See* Notice of Timely Appeal (docket entry 4). Upon careful review, this court concludes that Clem's appeal is not timely and therefore

dismisses this appeal.

"Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings." *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1021 (5th Cir. 1999). A party must file a notice of appeal in the bankruptcy court within fourteen days after the entry of the judgment, order, or decree being appealed. Federal Rule of Bankruptcy Procedure 8002(a)(1). This rule applies to both final and interlocutory orders. *Stumpf v. McGee (In re O'Connor)*, 258 F.3d 392, 398 (5th Cir. 2001) ("Rule 8002's time limits apply to interlocutory appeals."). Importantly, "when an appeal to the district court is untimely under Rule 8002(a), the district court lacks jurisdiction over the appeal." *Berman-Smith v. Gartley (In re Berman-Smith)*, 737 F.3d 997, 1000 (5th Cir. 2013) (citing *Stangel v. United States (In re Stangel)*, 219 F.3d 498, 500 (5th Cir. 2000)).

Here, it is clear that Clem's Notice of Appeal was untimely. On March 2, 2018, the bankruptcy court entered a two-part order titled: "Order (1) Setting Phase II of the Trial and (2) Denying Defendant's Motion to Dismiss Second Amended Objection to Discharge Pursuant to Federal Rules of Civil Procedure 12(b)(6) [DE # 83]." Record on Appeal, Order (1) Setting Phase II of the Trial and (2) Denying Defendant's Motion to Dismiss Second Amended Objection to Discharge Pursuant to Federal Rules of Civil Procedure 12(b)(6) at 1 (docket entry 1-1). On May 2, 2018, sixty-one days after the bankruptcy court entered this order, Clem filed his Notice of Appeal of the bankruptcy

court's March 2 *"Order Denying Motion to Dismiss Adversary Proceeding."* Record on Appeal, Defendant's Notice of Appeal at 1-3. Due to the fact that Clem filed his Notice of Appeal well after the expiration of the fourteen-day deadline imposed by Federal Rule of Bankruptcy Procedure 8002(a)(1), this court does not have jurisdiction to hear Clem's appeal, and the appeal must be dismissed.

In Clem's Notice of Timely Appeal, Clem maintains that "[t]he interlocutory order became final and appealable on April 18, 2018 when a final order was entered" by the bankruptcy court. Notice of Timely Appeal at 1. In support of this claim, Clem cites two cases that this court finds to be inapposite to the issue of whether his appeal is timely.* First, Clem cites *In re Aucoin* for the proposition that interlocutory orders can be appealed after a final judgment. *Id*. at 1-2 (citing *Aucoin v. Southern Insurance Facilities*

---

* The undersigned is not alone in finding Clem's notice of appeal to be untimely, nor is he the only judge concluding that the two cases cited by Clem in his notice of appeal do not support his argument that his notice of appeal is timely. *See* Memorandum Opinion and Order at 2-3, Clem v. Tomlinson, 3:18-CV-1199-B (2018) (docket entry 7). When Clem filed his appeal, he appealed both parts of the bankruptcy court's March 2 *Order Setting Phase II of the Trial and Denying Defendant's Motion to Dismiss Second Amended Objection to Discharge Pursuant to Federal Rules of Civil Procedure 12(b)(6) [DE # 83]*. *Id*. at 1. The bankruptcy clerk split Clem's appeal, which resulted in Judge Boyle receiving Clem's appeal of the first part of the *Order Setting Phase II of the Trial* and the undersigned receiving Clem's appeal of the second part of the bankruptcy court's order. *Id*. In his briefing for his appeal before Judge Boyle, Clem raised the same arguments regarding the timeliness of his appeal that he does in his Notice of Timely Appeal before this court. *Id*. at 1-4. After evaluating Clem's arguments, Judge Boyle reached the same conclusions as the undersigned concerning the untimeliness of Clem's appeal and the inapplicability of the two cases he cited. *Id*.

*Liquidating Corporation (In re Aucoin)*, 35 F.3d 167, 169-70 (5th Cir. 1994)). This case does not support Clem's argument, however. In *In re Aucoin*, the Fifth Circuit ruled on its own jurisdiction as a court of appeals to review an appeal from an interlocutory bankruptcy court order—not the jurisdiction of a district court to do the same. *In re Aucoin*, 35 F.3d at 169. Second, Clem cites *In re Tullius* for the same proposition. Notice of Timely Appeal at 2 (citing *La Tierra Interiors, Inc. v. Washington Federal Savings (In re Tullius)*, 500 F. App'x 286, 290 (5th Cir. 2012)). Again, this case dealt solely with the issue of the courts of appeals' jurisdiction over bankruptcy appeals. *In re Tullius*, 500 F. App'x at 288-293. Ultimately, neither of these cases demonstrates that Clem's appeal to this court was timely filed in the bankruptcy court.

Furthermore, even if Clem's notice of appeal was timely, he did not seek leave from this court. A party may appeal an interlocutory order from a bankruptcy court only if she obtains leave of court. 28 U.S.C. § 158(a)(3). The decision to grant an appeal from an interlocutory order "is firmly within the district court's discretion." *Panda Energy International, Inc. v. Factory Mutual Insurance*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011) (citing *Ryan v. Flowserve Corporation*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006)). Here, it is clear that Clem did not seek leave from this court to take this interlocutory appeal. Furthermore, this court can see no apparent reason why this appeal is necessary. Accordingly, this court concludes that it would not have granted Clem leave even if it had jurisdiction over this case.

Finally, Clem argues that his appeal is timely and that this court has subject matter jurisdiction over his appeal due to the final judgment appealability rule. *See* Appellant's Reply Brief at 1-3 (docket entry 13). "Under the final judgment appealability rule, a party may obtain review of prejudicial adverse interlocutory rulings under his appeal from adverse final judgment, at which time the interlocutory rulings (nonreviewable until then) are regarded as merged into the final judgment terminating the action." *Dickinson v. Auto Center Manufacturing Company*, 733 F.2d 1092, 1102 (5th Cir. 1983). Clem argues that the final judgment appealability rule applies to this appeal—making his appeal timely pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1)—since Clem filed his notice of appeal on May 2, 2018, which was "within 14 days of the order being appealed merging with the [bankruptcy court's] *Final Judgment* as a result of the order of final disposition." Appellant's Reply Brief at 2-3. This court acknowledges the existence of the final judgment appealability rule but concludes that it does not apply to this appeal. For a district court to review a bankruptcy court's otherwise nonreviewable interlocutory order under the final judgment appealability rule, the district court must have before it the appeal of the bankruptcy court's final judgment. See *Dickinson*, 733 F.2d at 1102 ("The defendant-appellant [ ] is therefore entitled to raise *on this appeal from final judgment* his contention that the district court erred in its interlocutory order. . . .") (emphasis added). This is because under the final judgement appealability rule, the otherwise nonreviewable interlocutory orders merge

into the final judgment. See *Mahogany v. Rogers*, 293 Fed. App'x 259, 260 (5th Cir. 2008) (applying the final judgement appealability rule to an interlocutory order and determining that the "interlocutory order merged into the district court's final judgment and became reviewable in [the] appeal of the final judgment."). As Clem admits in his briefing, his appeal of the bankruptcy court's final judgment is before another district judge within this district. Brief of Appellant (docket entry 9) at iii; *see also* Record on Appeal, Defendant's Notice of Appeal at 1 (showing that only Clem's appeal of the bankruptcy court's *Order Denying Motion to Dismiss Adversary Proceeding* is before the undersigned). Accordingly, the final judgment appealability rule does not apply to this appeal. Nevertheless, the rule may be used by Clem to seek review of the bankruptcy court's interlocutory orders in his appeal of the bankruptcy court's final judgment pending before another district judge of this court.

For the reasons discussed above, Clem's appeal before this court is **DISMISSED** without prejudice to his other related appeal pending within the Northern District of Texas.

**SO ORDERED.**

January 15, 2019.

                                                                            *C. Joe Fish*
                                                                            **A. JOE FISH**
                                                                            **Senior United States District Judge**